UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY ALBERT NICHOLS, JR.,

        Plaintiff,　　　　　　　　　　　　　　Case Number: 23-12286
　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Thomas L. Ludington
v.

N.P. KAURE,

        Defendant.
_____/

**OPINION AND ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Plaintiff Danny Albert Nichols, Jr., currently incarcerated at Woodland Correctional Center (WCC) in Whitmore Lake, Michigan, proceeding *pro se* and *in forma pauperis*, sued Defendant "N.P. Kaure," a nurse practitioner at WCC. Plaintiff alleges that Defendant punctured his left eardrum when attempting to remove debris from inside his ears, and thus deprived him of his Eighth Amendment Rights in violation of 42 U.S.C. § 1983. But Plaintiff has already filed this claim. In fact, this claim has already been dismissed with prejudice by this Court and Plaintiff has already filed an appeal. So, Plaintiff's duplicative *in forma pauperis* Complaint will be *sua sponte* dismissed as frivolous.

I.

On March 24, 2023, Plaintiff Dany Albert Nichols, Jr.—an inmate at WCC in Whitmore Lake, Michigan—filed a *pro se* complaint against Defendant "N.P Kaure," a nurse practitioner working at WCC, as well as the doctor and warden that employed her. *Nicols v. Kaure* No. 1:23-CV-10694, ECF No. 1. Plaintiff alleged that all three defendants deprived Plaintiff of his Sixth

and Eighth Amendment rights in violation of 42 U.S.C. § 1983 when Kaure allegedly punctured Plaintiff's left eardrum in attempts to remove a piece of tissue from Plaintiff's ear. *Id.*

But on March 31, 2023, this Court *sua sponte* dismissed this complaint. *Nichols v. Kaure*, No. 1:23-CV-10694, 2023 WL 2746789, at *3 (E.D. Mich. Mar. 31, 2023), *motion for relief from judgment denied*, No. 1:23-CV-10694, 2023 WL 3378994 (E.D. Mich. May 2, 2023). Specifically, this Court dismissed the doctor and warden as defendants because Plaintiff had not sufficiently alleged their personal involvement in his alleged injury. *Id.* at *2. This Court also dismissed all claims against Kaure, holding (1) Plaintiff's alleged injury was not cognizable under the Sixth Amendment; and (2) even if Plaintiff's punctured eardrum was objectively a sufficiently serious injury under the Eight Amendment, Plaintiff had not alleged that, subjectively, Kaure was deliberately indifferent to Plaintiff's serious medical needs. *Id.* at *3. Plaintiff filed a notice of appeal on April 24, 2023. *Nicols v. Kaure* No. 1:23-CV-10694, ECF No. 11.

Nearly five months later—while Plaintiff's appeal was pending—Plaintiff filed a second *pro se* Complaint under the new, above-cited case caption against only Defendant Kaure. ECF No. 1. Plaintiff's current Complaint alleges, again, that Kaure deprived him of his Eighth Amendment rights and rendered him permanently deaf by allegedly puncturing his eardrum when attempting to remove a piece of tissue from his ear. ECF No. 1. On September 19, 2023, this Court granted Plaintiff's application to proceed *in forma pauperis* (IFP), ECF No. 2. ECF No. 5.

**II.**

Plaintiff's IFP status subjects him to screening requirements established by the Prison Litigation Reform Act (PLRA).[1] 28 U.S.C. § 1915(e)(2)(B). Under the PLRA, district courts must

---

[1] "In enacting the federal [IFP] statute, Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence . . . an action . . . in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v.*

screen IFP complaints and must *sua sponte* dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### III.

Plaintiff's Complaint, ECF No. 1, will be *sua sponte* dismissed under the PLRA as frivolous because it is duplicative. "The Sixth Circuit Court of Appeals has held that a district court may dismiss as frivolous under § 1915(e) a case that is duplicative of an earlier-filed action." *Shelton v. Escobedo*, No. 1:11-CV-13401, 2011 WL 6755117, at *1 (E.D. Mich. Dec. 23, 2011) (citing *Peoples v. Reno*, 230 F.3d 1359 (6th Cir. 2000)). Numerous other Circuits have held similarly. *See, e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA."); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under [the PLRA] frivolous or malicious."); *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Indeed, this Court has *sua sponte* dismissed duplicative IFP complaints for frivolity on numerous occasions. *See, e.g.*, *Julian-Bey v. Whitmer*, No. 4:23-CV-10445, 2023 WL 4712030 (E.D. Mich. July 24, 2023); *Duehring v. Comm'r of Soc. Sec.*, No. 20-10070, 2020 WL 717452 (E.D. Mich. Jan. 22, 2020*), report and recommendation adopted*, No. 20-10070, 2020 WL 704849

---

*Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). But with increased access comes an increased need for screening, because "[a]t the same time . . . Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous . . . lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

(E.D. Mich. Feb. 12, 2020); *Belser v. Evans*, 2016 WL 7337260 (E.D. Mich. Dec. 19, 2016); *Shelton v. Escobedo*, No. 1:11-CV-13401, 2011 WL 6755117 (E.D. Mich. Dec. 23, 2011).

A suit is duplicative—and thus subject to *sua sponte* dismissal—"if the claims, parties, and available relief do not significantly differ between the two actions." *Duehring*, 2020 WL 717452, at *1 (quoting *Shelton*, 2011 WL 6755117, at *1 and *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993)).

Here, Plaintiff acknowledges that his current Complaint against Defendant Kaure involves the same facts as his prior suit against Defendant Kaure and her employers, already dismissed by this Court. *See* ECF No. 1 at PageID.11. Indeed, the facts of the two complaints are identical. *Compare* ECF No. 1 at PageID.7 (alleging that, on February 25, 2023, Kaure punctured Plaintiff's left eardrum when Plaintiff went to "have [his] ears flushed" because he "had stuck tissue in [his] ears and a piece stuck to [his] left eardrum.") *with Nicols v. Kaure* No. 1:23-CV-10694, ECF No. 1 at PageID.5 (alleging "Kaure punctured [Plaintiff's] eardrum by[] trying to[] remove a piece of tissue[.]"). Accordingly, Plaintiff's duplicative Complaint will be *sua sponte* dismissed as frivolous,[2] and Plaintiff will be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

[2] An alternative basis for *sua sponte* dismissal is that Plaintiff, again, fails to state a claim upon which relief can be granted. Like his prior, already-dismissed complaint, Plaintiff has not sufficiently alleged that Kaure was *deliberately indifferent* to his serious medical needs. *See generally* ECF No. 1; *see also Nichols v. Kaure*, No. 1:23-CV-10694, 2023 WL 2746789, at *3 (E.D. Mich. Mar. 31, 2023), *motion for relief from judgment denied*, No. 1:23-CV-10694, 2023 WL 3378994 (E.D. Mich. May 2, 2023) (dismissing Plaintiff's Eighth Amendment claim because "Plaintiff merely hints at Kaure's potential negligence while performing a task that ended in injury: that his eardrum was punctured while she was flushing a piece of tissue from his ear canal. Unlucky, surely, but not enough to meet the high bar of deliberate indifference to a serious medical need.").

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: January 9, 2024                                         s/Thomas L. Ludington
                                                                            THOMAS L. LUDINGTON
                                                                            United States District Judge